■ ARTHUR G. WILLIAMS, by MICHAEL WILLIAMS, His Father, Plaintiff, v. TWIN PONDS GOLF ASSOCIATES, INC., Appellant, and ELVIRA E. DANELLA, Respondent.— Order unanimously reversed, with costs, and motion denied with $10 costs. See Memorandum filed in companion case of *Williams* v. *Twin Ponds Golf Associates* (23 A D 2d 956), decided herewith. (Appeal from order of Oneida Special Term granting the motion of defendant Danella to dismiss the cross complaint of defendant, Twin Ponds Golf.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE KRZYWOSZ, Appellant.— Judgment insofar as it resentences defendant unanimously reversed, resentence vacated, and matter remitted to Erie County Court for further proceedings on resentence in accordance with the memorandum. Memorandum: On January 7, 1957 following a plea of guilty to two counts of a multiple count indictment, the defendant was sentenced as a second offender for a term of 3½ to 10 years on each count, said sentences to run concurrently. On March 16, 1964 the United States District Court for the Western District of New York sustained a writ of habeas corpus, declared the conviction of the underlying felony a nullity and directed the resentence of the defendant as a first offender. Thereafter, the Judge who had originally imposed sentence resentenced the defendant as a first offender to a term of not less than two and one-half years nor more than five years on each count with the sentences to run consecutively. In effect, this was a greater sentence than that imposed on the defendant as a second offender. While the sentencing Judge possessed the discretion to do this, there is nothing in the record before us to establish the basis for the exercise of that discretion and thus it is impossible for this court to intelligently review this resentence. The judgment, insofar as it resentenced, should be reversed and the matter remitted to again sentence the defendant as a first offender. At that time the defendant should have the benefit of counsel to which he is of course entitled, as well as all the admonitions which are mandated at an original sentence. (Appeal from judgment of resentence of Erie County Court.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.